# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BEXAR DIVERSIFIED MF-1, LLC, *Plaintiff* § § § | |
| | SA-19-CV-00773-XR |
| -vs- § § | |
| GENERAL STAR INDEMNITY COMPANY, PAUL R. WHITE AND COMPANY INC., *Defendants* § § § § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Remand (ECF No. 4) and Defendant General Star Indemnity Company's ("General Star") Response (ECF No. 8). After careful consideration, Plaintiff's motion is DENIED.

## BACKGROUND

This is an insurance dispute case that began on May 1, 2019, when Plaintiff filed its Original Petition in the 438th Judicial District Court, Bexar County, Texas. In its Original Petition, Plaintiff alleged that its commercial properties located in San Antonio, Texas and insured by a policy issued by General Star were damaged by hail and wind in April 2016. Plaintiff alleges that it submitted a claim to General Star for the damages, that Defendant Paul R. White and Company Inc. ("White") was assigned to investigate Plaintiff's claim, and that Defendants failed to properly value and pay Plaintiff's covered losses. Plaintiff alleges that General Star is liable for breach of contract and breach of the duty of good faith and fair dealing, and that both Defendants committed violations of Sections 541 and 542 of the Texas Insurance Code and of the Texas Deceptive Trade Practices Act.

1

Defendants filed their Original Answer on July 1, 2019. The following day, General Star removed the case to this Court, asserting diversity jurisdiction. ECF No. 1. In its Notice of Removal, General Star elected to accept whatever liability White may have to Plaintiff for White's acts or omissions related to Plaintiff's claim. *Id.* ¶ 9. Plaintiff timely moved to remand. ECF No. 4. The parties do not dispute that the amount in controversy exceeds the jurisdictional threshold of $75,000.

They do, however, disagree whether there is complete diversity of citizenship. According to General Star, it is a citizen of Delaware and Connecticut, Plaintiff is a citizen of Texas, and White's citizenship (also Texas) should not be considered because it is an improperly joined party. Plaintiff argues that General Star has not carried its burden to prove improper joinder, and that therefore there is not complete diversity and this Court lacks subject matter jurisdiction. Plaintiff's Motion to Remand implicates complicated and unsettled questions of the effect of a Texas Insurance Code provision on diversity and removal jurisdiction. The Court will provide context for both before proceeding to analyze Plaintiff's motion.

## DISCUSSION

### I. Diversity and Removal Jurisdiction

Congress conferred on the federal district courts original jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States" in order to "prevent apprehended discrimination in state courts" against out-of-state litigants. 28 U.S.C. § 1332(a); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938). Congress also provided a mechanism for a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court where such action is pending, but a civil action "otherwise removable solely on the basis of [diversity] jurisdiction…may not be

removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §§ 1441(a), (b)(2).

Courts have interpreted Section 1332(a) to require "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The judicially created doctrine of improper joinder "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Where there is no allegation of fraud in the pleadings, a court proceeds under the second prong of this test to assess whether the plaintiff has a "reasonable basis of recovery under state law" against the non-diverse defendant. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts in the Fifth Circuit apply a "12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis of recovery. *Id.* If a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was improperly joined, and the court may disregard their citizenship. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

The removing party bears the burden of establishing federal jurisdiction and of proving improper joinder. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997). In evaluating

whether a party was improperly joined, a court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

## II.     Texas Insurance Code Section 542A.006

On September 1, 2017, new provisions of the Texas Insurance Code took effect. Among them was Section 542A.006, which provides that in any action to which Chapter 542A applies,[1] "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). Regardless of whether the insurer makes an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action against the agent with prejudice. *Compare* TEX. INS. CODE § 542A.006(b) with § 542A.006(c). The only difference the timing of the election makes is that when it is made pre-suit, "no cause of action exists" against the agent. TEX. INS. CODE § 542A.006(b). In any case, an insurer "may not revoke, and a court may not nullify, an insurer's election." TEX. INS. CODE § 542A.006(f). The statute does not require the insurer's written notice of the election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent. *See generally* TEX. INS. CODE § 542A.006.

---

[1] Chapter 542A "applies to an action on a claim against an insurer or agent, including: (1) an action alleging breach of contract (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under: (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17, Business & Commerce Code." TEX. INS. CODE § 542A.002. A "claim" means a first-party claim made by an insured under an insurance policy providing coverage for real property or improvements to real property that arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm. TEX. INS. CODE § 542A.001(2).

## III. Split Authority on Section 542A.006's Effect on Removability

Since Section 542A.006 came into effect, there has been much litigation over the effect of an insurer's election on diversity and removal jurisdiction. The "novel question" raised by Section 542A.006 is this: if an out-of-state insurer is sued by a Texas insured, and the insurer elects to accept liability for a non-diverse agent (thus requiring the agent's dismissal per Section 542A.006), may a federal court disregard the non-diverse agent's citizenship and exercise diversity jurisdiction? *See Stephens v. Safeco Ins. Co. of Ind.*, No. 4:18-CV-00595, 2019 WL 109395, at *1 (E.D. Tex. Jan. 4, 2019) (describing amendment as spawning a "novel question regarding removal based on diversity of citizenship.") The answer seems to be "maybe" and "it depends."

This Court has previously held, and no one seems to disagree, that when an insurer makes its election <u>before</u> an insured files suit, no cause of action exists against the agent, and if the insured later names the agent as a non-diverse defendant the court may disregard that agent's citizenship for purposes of diversity jurisdiction. *Electro Grafix Corps. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416 (W.D. Tex. Aug. 14, 2018) (denying motion to remand); *see also McAdams v. Palomar Specialty Ins. Co.*, No. 1:18-CV-633, 2019 WL 2553616, at *7 (E.D. Tex. May 29, 2019)*, report and recommendation adopted,* No. 1:18-CV-633, 2019 WL 2565669 (E.D. Tex. June 20, 2019) (same); *Ewell v. Centauri Specialty Ins. Co.*, No. CV H-19-1415, 2019 WL 2502016, at *3 (S.D. Tex. June 17, 2019); *Vyas v. Atain Specialty Ins. Co.*, 380 F.Supp.3d 609 (S.D. Tex. May 15, 2019) (same); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, No. CV H-19-1212, 2019 WL 2120854, at *4 (S.D. Tex. May 15, 2019) (same).

There is disagreement, though, when an insurer elects to accept liability at any time <u>after</u> the insured files suit. On the one hand, this Court and two others have previously found a non-

5

diverse defendant to be improperly joined following an insurer's post-suit election. *Flores v. Allstate Vehicle & Prop. Ins. Co. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) (denying remand); *Yan Qing Jiang v. Travelers Home & Marine Ins. Co.*, No. 1:18-CV-758-RP, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018) (Pitman, J.) (same); *Solares v. Allstate Vehicle & Prop. Ins.*, No. 5:19-CV-00027, 2019 WL 3253072, at *2 (finding improper joinder but remanding because amount-in-controversy requirement not met). This Court and those that have aligned with it reason that "even when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent." *Flores*, 2018 WL 5695553, at *5.

On the other hand, this Court acknowledges that since *Flores*, other federal district courts in Texas have disagreed and held that an insurer's post-suit election does not render a non-diverse defendant improperly joined. *See, e.g.*, *River of Life Assembly of God v. Church Mut. Ins. Co.*, 1:19-CV-49-RP, 2019 WL 1767339, at *5 (W.D. Tex. Apr. 22, 2019) (Pitman, J.) (granting motion to remand); *Stephens*, 2019 WL 109395, at *7 (same); *Williams v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:19-CV-0320-N, 2019 WL 3304684, at *3 (N.D. Tex. July 23, 2019) (same); *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (same and collecting cases). This line of cases reasons that when an insurer elects to accept liability <u>after</u> a suit has been filed, then the joinder of the non-diverse defendant was not improper <u>at the time</u> the suit was filed. Thus, even though there is no possibility a plaintiff will recover against the non-diverse defendant in state court following an insurer's post-suit election, these courts have declined to find improper joinder and granted remand.

This Court respectfully disagrees with the latter line of reasoning. The simplicity of the mantra that "improper joinder must be improper at the time of the joinder" may seem alluring at first blush. *See Stephens*, 2019 WL 109395, at *5. However, this Court finds no basis for such a proposition in Fifth Circuit law.[2] The district court judges granting remand cite to the Fifth Circuit's opinion in *Smallwood*. *See Stephens*, 2019 WL 109395, at *5 (rejecting insurer's improper joinder claim as not "reasonable under the law or logic," but citing only to *Smallwood*); *see also River of Life*, 2019 WL 1767339, at *3 (reasoning that "focusing on whether a plaintiff could recover against a nondiverse defendant at the time of joinder…is consistent with the Fifth Circuit's improper joinder doctrine" but citing only to *Stephens* and *Smallwood*). However, as *Smallwood* acknowledges, "the test…is whether the defendant has demonstrated that there <u>is</u> no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there <u>is</u> no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (emphasis added).

District courts who cite *Smallwood*'s *dicta* that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case" for the broader proposition that the impossibility of recovery must have existed at the time of joinder misread the Fifth Circuit's "narrow" holding in that case, which "applies only in that limited range of cases where the allegation of improper joinder rests on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant <u>and that showing is equally dispositive of all defendants</u>." *Smallwood*, 385 F.3d at 573, 576 (emphasis added). Unlike in *Smallwood*, a

---

[2] In the Fifth Circuit's recent decision discussing improper joinder, *Hoyt v. Lane Construction Corp.*, the district court denied plaintiff's motion for remand after finding the non-diverse defendant was improperly joined. The improper joinder was based on the state court granting summary judgment in favor of the non-diverse defendant, thus dismissing them from the case. There is no argument or discussion of whether this dismissal by the state court meant that no cause of action existed at the time of the joinder. Rather, the Fifth Circuit focused on whether <u>at the time of removal</u> there was any possibility the plaintiff could establish a cause of action against the non-diverse defendant. 927 F.3d 287, 296–297, 300 (5th Cir. 2019) (affirming district court's denial of motion for remand).

7

diverse insurer's election under Section 542A.006 makes it impossible to recover <u>against the non-diverse defendant alone</u>. The election provides no defense for the diverse insurer itself so it cannot be "equally dispositive" of both the diverse and non-diverse defendants, making *Smallwood* inapplicable. *Smallwood*, 385 F.3d at 575; *see also McDonal*, 408 F.3d at 183 ("no reasonable basis of recovery" test applies "<u>unless</u> that showing compels dismissal of <u>all defendants</u>") (emphasis in original); *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

A removing party's right to remove is "to be determined according to the plaintiffs' pleading <u>at the time of the petition for removal</u>." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (emphasis added). When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff "unable (not merely unlikely) to succeed on their claims" against a non-diverse agent. *See* TEX. INS. CODE §§ 542A.006(b), (c), (f); *Flores*, 2018 WL 5695553, at *5. Accordingly, where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes.

## IV. Application to the Present Motion to Remand

General Star elected to accept whatever liability White has to Plaintiff for White's acts or omissions related to the claim in its Notice of Removal. Under Section 542A.006, this election is irrevocable and requires the dismissal of the action against White. Because General Star's election establishes no possibility of recovery by Plaintiff against White at the time of removal, White is an improperly joined party and the Court will disregard its citizenship for the purposes

of diversity jurisdiction. With only Plaintiff (a citizen of Texas) and General Star (a citizen of Delaware and Connecticut) remaining in this case, complete diversity of citizenship exists, and this Court may exercise subject matter jurisdiction over this case. Plaintiff asserts five arguments[3] why the Court should not reach this conclusion, which are addressed in turn below.

Plaintiff first argues that General Star's election does not meet the requirements of Chapter 542A because White is not an "agent" as defined by statute. Section 542A.006 provides that an insurer "may elect to accept whatever liability an agent might have." "Agent" is defined as "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer." TEX. INS. CODE § 542A.001. Plaintiff argues that White is "not an individual but an incorporated entity." But Chapter 542A does not require an agent to be an "individual." There is no reason a business entity cannot be an "agent, representative, or adjuster who performs any act on behalf of an insurer." Section 542A.001 also defines "person" to include "a corporation, association, partnership, or other legal entity or individual."

Next, Plaintiff argues that General Star failed to move the state court to dismiss White, and because White has not yet been dismissed "diversity currently exists." Neither Chapter 542A nor the Fifth Circuit's improper joinder doctrine require a removing party to first move to dismiss a non-diverse defendant. We find no reason to impose such a procedural hurdle now. And, as General Star points out, requiring a defendant-insurer who has made an election to first achieve dismissal of the non-diverse defendant in state court could make it impossible for that defendant to timely remove under the 30-day deadline imposed by Section 1446(b). *See* 28 U.S.C. § 1446(b).

---

[3] Notably, Plaintiff does not argue that (assuming General Star's election was valid) any of its claims against White would survive.

Plaintiff next asserts that the voluntary-involuntary rule bars removal of this matter. It is well-established law that improper joinder is an exception to the voluntary-involuntary rule. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

Plaintiff argues that General Star has not met its burden to prove improper joinder because it relied exclusively on its Section 542A.006 election to establish diversity. But, as explained above, this Court follows the rule that an insurer's election that renders it impossible for a plaintiff to recover against a non-diverse defendant at the time of removal is sufficient to establish improper joinder. General Star has met its burden.

Finally, Plaintiff rehashes its allegations against White and argues these are "sufficiently pled, valid causes of action under Texas law." The Court need not examine the merits of these causes of action, because General Star's election requires the dismissal of these claims against White. Whether Plaintiff's claims against White would otherwise survive a 12(b)(6)-type analysis in the absence of General Star's election is not currently before this Court. Plaintiff also attempts to distinguish the present case from this Court's decision in *Flores*, arguing that decision was "based on the fact that, prior to removal, the Defendant had elected responsibility for the adjuster and successfully sought a dismissal in state court" whereas here, General Star did not file or obtain a dismissal prior to filing its removal. Contrary to Plaintiff's assertion, *Flores* did not depend on the defendant seeking or obtaining dismissal before removal. *See Flores*, 2018 WL 5695553, at *5 ("There should not be a difference in result when the defendant obtains the dismissal in the state court…before removal as opposed to upon removal to the federal district court.") As discussed at length above, the improper joinder doctrine does not require General Star to seek dismissal before removal, but only requires that it meets its burden of

demonstrating the inability of Plaintiff to establish a cause of action against non-diverse White. *Id.* at *2.

## CONCLUSION

For the reasons stated herein, the Court will DENY Plaintiff's Motion to Remand and DISMISS all claims against Defendant White without prejudice.[4]

It is so ORDERED.

SIGNED this 18th day of November, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] Although Section 542A.006 provides for dismissal with prejudice following an insurer's election, this Court lacks subject matter jurisdiction over an improperly joined party and thus must dismiss without prejudice. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016).